United States District Court

Eastern District of California

Mebrhato Tsehai,

    Plaintiff,

vs.

Teresa A. Schwartz, et al.,

    Defendants.

No. Civ. S 05-1953 GEB PAN P

Order

-oOo-

    Plaintiff, a state prisoner without counsel, is pursuing a civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis.

    Title 42 of the United States Codes § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings

in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). A prisoner's concession of nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

The California Department of Corrections provides an administrative remedy for most grievances. Title 15 of the California Administrative Code §§ 3084.1, et seq., provide an elaborate administrative remedy to state prisoners and parolees. California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Assistance is available to those who have difficulty communicating in and writing English. Forms are available and mandatory. Assurances are given against reprisals, though it remains a violation of state penal code knowingly to make a false complaint against a peace officer and if a prisoner is found to abuse the grievance process by filing excessive numbers of grievances, his access to the process may be severely limited. The scheme requires in most cases the prisoner attempt to resolve his grievance informally at the lowest possible level and staff are obliged to attempt practical resolution of the grievance within ten work days after receipt. Appeals coordinators coordinate processing formal appeals. The first level of formal appeal must be decided by someone not involved in the dispute who is at least equal in rank to the highest ranking person that was involved. The prisoner is entitled to a response at that level within 30 work days. If

1  dissatisfied, the prisoner may seek review by the warden or his
2  designee and a response at this second level is required in most
3  cases within 20 work days.  If the prisoner still is not
4  satisfied, he may seek review by the director of the department,
5  who has 60 days to make a decision which is final.  The scheme
6  authorizes exceptions to the time limits in some cases.  At each
7  level, a written response is given to the prisoner.
8       It appears this administrative remedy was available to
9  plaintiff because he alleges he was placed in administrative
10 segregation in violation of due process.  These are conditions of
11 confinement within the scope of the department's appeal process.
12 The complaint indicates plaintiff has not availed himself of this
13 process.
14      Accordingly, within 20 days plaintiff shall show cause in
15 writing why the court should not deny his request pursuant to 28
16 U.S.C. § 1915 for authority to commence an action in forma
17 pauperis due to his failure to exhaust administrative remedies.
18      So ordered.
19      Dated:  September 29, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge