IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEBRHATO TSEHAI,

    Plaintiff,                  No. CIV S-05-1953 GEB PAN (JFM) P

   vs.

TERESA A. SCHWARTZ, et al.,

    Defendants.          <u>ORDER AND</u>

                                  <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff claims that his due process rights are being violated by his placement and retention in administrative segregation even though he has not been

adjudicated guilty of a "SHU-able offense." (Complaint, filed September 27, 2005, at 5.) He further alleges that his placement in administrative segregation is based on falsified documentation, and that defendants Schwartz, Cullen and Piazza are not responding to his requests for relief from the administrative segregation. Plaintiff seeks money damages and injunctive relief.

It appears from exhibits appended to the complaint[1] that on March 2, 2005, plaintiff was convicted in prison disciplinary proceedings of stalking defendant Piazza. (See Committee Action on Administrative Segregation Review, dated June 8, 2005, at 2.) Pursuant to that disciplinary conviction, plaintiff lost 121 days of behavioral credits. (Id.)

Any civil rights claim challenging the validity of the procedures used to deprive a prisoner of good-time credits is not cognizable under 42 U.S.C. § 1983 unless the disciplinary conviction at issue has been set aside or the good-time credits have otherwise been restored. See Edwards v. Balisok, 520 U.S. 641 (1997) (citing Heck v. Humphrey, 512 U.S. 477 (1994))[2]; see also Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004). If a judgment in plaintiff's favor would necessarily invalidate the credit loss, the civil rights complaint must be dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1997).

Plaintiff is in administrative segregation based on findings that he claims are false. Although plaintiff is challenging his retention in administrative segregation, and not the disciplinary conviction per se, the documents appended to the complaint show that his retention in administrative segregation is grounded in the facts that underlie the disciplinary conviction. A

---

[1] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

[2] In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

1 judgment in plaintiff's favor in this case would necessarily imply the invalidity of the
2 disciplinary conviction for stalking defendant Piazza, pursuant to which plaintiff lost 121 days of
3 behavioral credits.  That disciplinary conviction has not been set aside, and there is no showing
4 that the lost credits have been restored.  Accordingly, for the reasons set forth supra, this action
5 should be dismissed without prejudice.

6    In accordance with the above, IT IS HEREBY ORDERED that:

7    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

8    2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
9 The fee shall be collected and paid in accordance with this court's order to the Director of the
10 California Department of Corrections and Rehabilitation filed concurrently herewith.

11    IT IS HEREBY RECOMMENDED that this action be dismissed without
12 prejudice.

13    These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, plaintiff may file written
16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
17 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
19 F.2d 1153 (9th Cir. 1991).
20 DATED: March 2, 2007.

UNITED STATES MAGISTRATE JUDGE

24 12/14;tseh1953.fr